Broghill v. Lash.

patent and in giving the instructions, as set forth in the statement of this case, to defeat the sheriff's deed.

Judgment reversed.

*H. W. Starr* and *J. C. Hall*, for plaintiff in error.

*David Rorer* and *M. D. Browning*, for defendant.

———o·o·o———

3g 357
103 323

BROGHILL *et al. v.* LASH, *Ex.*

Service of notice to defendants must be complete ten days before the appearance term ; if the notice is given by publication, the four weeks' notice required by Code, § 1725, must have been published ten days before the term at which judgment is rendered.

Under the Code where service of notice has been made by publication only, default should not be entered, without proof that a copy of the notice was directed to defendant, or that his residence could not be ascertained. After such notice and default, the proof will not be presumed ; it should appear of record.

Where a decree by default charges an indebtedness upon land in which a co-defendant not defaulted is interested, such co-defendant may show that the decree was unauthorized.

IN EQUITY. *Appeal from Henry District Court.*

*Opinion by* WILLIAMS, C. J. This is a proceeding by petition under the code instituted by Smith in his life-time, who died pending this suit, and Lash, administrator, was substituted. The petition sets forth that plaintiff on the 15th of October, A. D. 1850, sold to Broghill a house and lot in the town of Mt. Pleasant, Henry County, Iowa, for the sum of seven hundred dollars. The sum of two hundred and seventy five dollars was paid to the plaintiff at the time of the purchase by Broghill, and the plaintiff then executed to him a title bond for the premises, by

which he bound himself to make and deliver to Broghill a deed, conveying the title thereto in fee simple upon the payment of two promissory notes then given for the balance of the purchase money. The first note being for the sum of two hundred and twenty-five dollars, with ten per cent. interest from date, payable on 15th October, 1851. The second for two hundred dollars with like interest, payable 15th October, 1852.

Upon the maturity of the first note and before that of the second, this action was commenced. The petition shows that Broghill had assigned the title bond which he received from plaintiff to Asbury B. Porter.

After alleging that Broghill had left the State and that Porter refused to pay the money due on the note he prays the court for " an order and decree that defendants shall perform their contract, or that their interests may be foreclosed in the premises; and the property sold to pay said note, subject to the remaining note, which becomes due and payable on the 15th day of October, 1852, as aforesaid."

The record shows that service of process was made, personally, on Porter, but that Broghill was not found in the county—and publication, as in the case of a non-resident, was made.

At the March term, 1852, Porter appeared and filed a demurrer to plaintiff's petition. The demurrer was overruled. He then answered, denying the allegations of the petition. Default was entered against Broghill. The court then entered a decree against Broghill for the two hundred and fifty-seven dollars and forty-nine cents, and costs, and also that all the right, title and interest of Broghill & Porter, in the lot of ground, &c., under the title bond be sold, as in a case of mortgage foreclosure, &c.

Objections are made to the proceedings of the district court upon the ground that the default, as entered against Broghill, was not obtained in accordance with the requirements of the statute, and that there could be no valid

Broghill *v.* Lash.

judgment entered thereon, there being no personal or constructive service of process upon him.

The return of the Sheriff shows that the defendant Broghill was not found in the county. With a view to service, publication was made, in the "Iowa True Democrat," a weekly newspaper published in Mt. Pleasant, in Henry county, of notice of the pendency of this suit. Proof of this publication was made on the 15th day of March, 1852, before the clerk of the court, being the first day of the term thereof. The attorney, Mr. Beers who proved the publication of the notice states in his affidavit that it had been "published for more than four consecutive weeks *last past.*"

It is contended by the appellant that this notice, as proved, was not such as to warrant the court to proceed to trial at that term of the court. By a careful examination of the enactments of the Code on the subject of service, we think this objection is well taken.

There are two modes of service provided by the Code, the one is by service on the person, as resident within the jurisdiction of the court, and the other is in the case of a non-resident, by publication. The first is made "by reading the notice to the defendant, and giving him a copy, if demanded. If not found he may be served by a copy left at his usual place of residence, with some member of the family more than fourteen years of age." Code, p. 252, § 1721. Service by publication is prescribed as follows: "Upon a return of 'not found,' as to all or any of the defendants, service on such defendants may be made by giving notice of the commencement of the action for four weeks successively in some newspaper printed as convenient as practicable to the court wherein the suit is pending, to be determined by the clerk of the court." Code, § 1725. Then after these provisions as to the mode of service, it is further enacted that "Upon being served with notice in either of the methods herein before

Broghill *v.* Lash.

prescribed, the defendant shall be considered in court. Code, §. 1730.

In the first place, it is apparent that the service, in whatsoever manner made, must be complete ten days before the next term thereafter, to enable the plaintiff to procure judgment. Code § 1720. The notice itself is without date, and the proof of service in this case is made on the first day of the term to which the process was made returnable; and is, that notice, &c., was published "*for more than four consecutive weeks last past.*" This being the only evidence of the time during which the publication was continued; and nothing to establish a complete and legal service on Broghill, ten days before the term at which judgment was rendered, the procedure was erroneous. After examining the several provisions of the Code on the subject of service, we have been led to the conclusion that such is the manifest intent of the legislature. Any other construction would bring a party defendant into court without proper time and opportunity to prepare his defense.

But, there is another objection to the service on Broghill, which we consider conclusive against the plaintiff below, and must reverse the decree of the district court. This objection is raised upon the provision of the Code in relation to defaults, which is as follows, "where service has been made by publication only, and no appearance had, default shall not be entered until proof has been made that a copy of the petition and notice was directed to the defendant, through the post office, at his usual place of residence —stating the place—in sufficient time for his appearance, or that such residence is unknown to the plaintiff, or his attorney or business agent, and could not, with reasonable dilligence, be ascertained." Code, § 1826. In the case at bar the plaintiff failed entirely to comply with this provision of law. Without such compliance the default could not be entered legally.

Without a service on the defendant in one of these modes,

Broghill *v.* Lash.

as prescribed by the statute, the district court could not acquire jurisdiction of his person. The statute directly prohibits the entry of the default until this proof of the mailing of the notice, &c., has been made to the court; until this was done defendant was not in court. It is contended by the counsel for appellee that the jurisdiction of the district court being general, this court will presume that the necessary proof, as required by the statute, was made, and that the proceedings were all correct. To sustain this position the case of *Wright* v. *Marsh, Lee & Delavan*, 2 G. Greene 109, and 1 G. Greene 78, 158, 250, are cited. These cases recognize a well established principle of jurisprudence. That where a court of record, possessing and exercising powers of general jurisdictions, has passed upon the rights of parties by judgment, it will be presumed that such court acted, in the matters involved, legally, and there can be no judicial inspection behind the judgment, save by appellate power. We think this case is not affected by that principle; this is a direct proceeding, by appeal, in chancery. The question presented for adjudication is not of irregularity in the procedure of the court below, but of jurisdiction of the person of the defendant. It goes to the power of the court to try, determine and pass the judgment. Much might be said of the propriety, nay, necessity, of guarding carefully the rights of persons whose interests are disposed of by summary, stringent, and *ex-parte* legal procedure ; but here it is deemed unnecessary, as we think the provisions of the Code are such as to furnish the most ample evidence of the intent of the legislature on this subject. The *proof* required, where service has been made by publication only, and no appearance had, is clearly made a condition precedent, without which the court had no power to enter the judgment by default. It is a jurisdictional fact upon which, by the statute, the power of the court to act is made to depend, and should appear of record in the case. In the stead of personal and actual service, and a return

W

Broghill *v.* Lash.

thereof into court, by virtue of which the court acquires jurisdiction of the person of the defendant, it is a mode of service by construction provided by legislation to be used in proceedings mostly *ex-parte*, and hence the reason of the strictness of the provision. The proof required is made an element of jurisdiction by the statute, and the record should show that it had been made before the default was entered. 9 Howard R. 348–9.

The allegation that Porter has no right to complain here, of the judgment by default, against Broghill, is not maintainable. The proceeding is by bill, as in chancery, to foreclose against both Broghill and Porter, as defendants. It seeks to procure a decree for the indebtedness of Broghill, and to charge the estate purchased by Porter from him; and also, that this estate be seized in execution of the decree, and sold to pay that indebtedness. This is the decree entered by the court below. It is only by the judgment entered against Broghill that the rights of Porter are affected, as he stands related to the parties. He, therefore, being a party in interest, and to the proceeding of record has a right to complain. It is the province of this court, as well as its duty, to adjust the equitable rights of the parties to the action. Upon this point see *Marshall* v. *Marshall*, 2 G. Greene, p. 241.

Decree reversed.

*J. C. Hall* and *C. H. Phelps*, for appellant.

*D. Rorer*, for appellee.